# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MARKUS W. SMITH, and
BRITTANY SMITH,

                              Plaintiffs,                 Case No. 12-CV-179-JPS

v.

CITY OF MILWAUKEE, OFFICER
THOMAS MULTHAUF, OFFICER
TELLY KEMOS, CAPTAIN REGINA
HOWARD, and CITY OF
MILWAUKEE POLICE                                         **ORDER**
DEPARTMENT,

                              Defendants.

On March 12, 2012, the defendants in this action filed a Motion to Dismiss (Docket #5). Following that motion, plaintiffs Markus W. Smith and Brittany Smith (collectively, "Smiths") filed an Amended Complaint, rendering the March 12 motion moot. The court will deny that motion as such. On April 18, 2012, defendants City of Milwaukee ("City"), City of Milwaukee Police Department ("MPD"), and Captain Regina Howard ("Howard") filed a Motion to Dismiss Portions of the Amended Complaint (Docket #17), requesting their dismissal for the Smiths' failure to state a claim. Subsequently, on July 16, 2012, Attorney Jefferson Cooper, counsel for the Smiths, filed a Motion to Withdraw (Docket #21). The Smiths filed a short letter (Docket #23) objecting to that withdrawal on July 31, 2012. Attorney Cooper also filed a Motion to Postpone Response (Docket #22), requesting a stay of any obligation to respond to interrogatories until the disposition of his Motion to Withdraw. Per the following discussion, the court will deny

Attorney Cooper's Motion to Withdraw, deny the motion to postpone as moot, and grant the relevant motion to dismiss.

## 1. MOTION TO WITHDRAW

Because counsel has not carried his burden, the court will deny the motion to withdraw. Counsel bears the burden of demonstrating consent to a motion to withdraw or "a valid and compelling reason for the court to allow the withdrawal over objection." *Woodall v. Drake Hotel, Inc.*, 913 F.2d 447, 449 (7th Cir. 1990). Attorney Cooper's motion notes that there has only been "a complete breakdown in communication" and that he is unable to effectively represent the Smiths. He provides no further explanation, either in the motion or by affidavit. The Smiths' objection letter takes issue with that statement, asserting that Attorney Cooper simply told the Smiths that he was not a civil lawyer and has decided he no longer wants to represent them. Attorney Cooper has certainly not demonstrated consent to the motion, and has failed to provide a valid, compelling reason to allow withdrawal at this time. The court will therefore deny the motion, and will likewise deny the Motion to Postpone Response, as moot.

## 2. MOTION TO DISMISS

Because the Smiths have failed to state a plausible claim for relief against the City, MPD, or Howard, the court will dismiss the claims against those defendants. Per Rule 12(b)(6), a motion to dismiss asserts that the plaintiff has failed to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In order to survive the motion, the complaint must allege sufficient facts to state a "plausible" claim for relief. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The court reads the complaint in the light most favorable to the plaintiff, accepts all well-pleaded facts as true, and draws all possible inferences in

Case 2:12-cv-00179-JPS   Filed 08/07/12   Page 2 of 5   Document 25

favor of the plaintiff. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). Factual allegations are presumed true, "even if doubtful in fact." *Twombly*, 550 U.S. at 555. However, legal conclusions are not entitled to this assumption of truth. *Iqbal*, 129 S. Ct. at 1950. While "labels and conclusions" and "a formulaic recitation of the elements" are insufficient, the complaint need only "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

The Smiths have primarily alleged that defendants Officer Thomas Multhauf and Officer Telly Kemos violated their civil rights by unlawful arrest and making false statements. Such violations are actionable under 42 U.S.C. § 1983. Liability under that statute generally requires direct personal responsibility for a violation. *Duncan v. Duckworth*, 644 F.2d 653, 655 (7th Cir. 1981). It is well settled that a municipality may only be held liable for violations committed by employees where it is execution of government policy or custom that inflicts the injury at issue. *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 694 (1978). In order to establish municipal liability, the plaintiff may carry his or her burden with evidence of official pronouncements, agency action pursuant to delegated authority, actions by individuals with final decision-making authority, inaction, or custom. *McNabola v. Chi. Transit Auth.*, 10 F.3d 501, 509-10 (7th Cir. 1993). A direct causal link between policy and injury is required. *Id.* at 510. A simple respondeat superior theory of liability is insufficient. *Monell*, 436 U.S. at 691. Likewise, respondeat superior, alone, is insufficient to make a supervisor liable. *Logan v. Godinez*, No. 10-CV-4418, 2010 WL 2836957, at *2 (N.D. Ill. July 19, 2010). Mere negligent supervision does not create liability; the supervisor must be personally involved in the conduct. *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001). A causal connection is required, such

Case 2:12-cv-00179-JPS   Filed 08/07/12   Page 3 of 5   Document 25

that the supervisor "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Hildebrandt v. Ill. Dep't of Natural Res.*, 347 F.3d 1014, 1039 (7th Cir. 2003).

With regard to the MPD, the Smiths concede that it is not a suable entity. Thus, the court will dismiss the MPD. In their Amended Complaint, the Smiths' only allegations as to the City are that the officers were at all times on duty, acting in their official capacity, and under color of law; that they were wearing the uniform and badges of the MPD and were employed and empowered by the City; and that the City is responsible for "screening, training, supervising, disciplining, and overseeing its police officers." Likewise, as to Howard, the Smiths allege only that she was the officers' supervisor at the time and is responsible for "training, supervision, discipline, and oversight of the officers under her command," including the officers in question.

With respect to the City, the Smiths have made no allegations as to any official practice, policy, or custom that gave rise to the alleged violations perpetrated by the officers in question. Thus, they have failed to state a claim for relief as to the City. As to Howard, the bare allegation that she supervised the officers in question does no more than raise a simple respondeat superior theory of liability. That is insufficient. Without any further allegations of direct knowledge and some form of explicit or tacit approval, the Smiths have also failed to state a claim for relief against Howard. Thus, the court will grant the City's, MPD's, and Howard's motion for dismissal.

Accordingly,

**IT IS ORDERED** that the defendants' Motion to Dismiss (Docket #5) be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Attorney Jefferson L. Cooper's Motion to Withdraw (Docket #21) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that the plaintiffs' Motion to Postpone Response (Docket #22) be and the same is hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that the defendants' Motion to Dismiss Portions of the Amended Complaint (Docket #17) be and the same is hereby **GRANTED**. The claims against defendants City of Milwaukee, Captain Regina Howard, and City of Milwaukee Police Department are hereby **DISMISSED**.

Dated at Milwaukee, Wisconsin, this 7th day of August, 2012.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge